**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

JUN 2 4 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY CLERK

DANA WALTERS
 *Plaintiff*

v.

UNIVERSITY OF TEXAS HEALTH
SCIENCE CENTER AT SAN ANTONIO
SCHOOL OF NURSING; CAROL BINZER,
PHD, IN HER INDIVIDUAL AND
UNOFFICIAL CAPACITY; AND JANIS
RICE, MSN, RN, CS, IN HER INDIVIDUAL
AND UNOFFICIAL CAPACITY

 *Defendants*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

SA03CA0528 FB

CIVIL ACTION NO. _____

**JURY TRIAL REQUESTED**

## NOTICE OF REMOVAL

 Defendants University of Texas Health Science Center at San Antonio School of Nursing

("UTHSCSA") and Janis Rice, MSN, RN, CS, in Her Individual and Unofficial Capacity[1] by and

through their attorney of record, the Attorney General of Texas, and the undersigned Assistant

Attorney General, would show the Court as follows:

### I.

 1. This removal is pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges discrimination in

violation of 29 U.S.C. §794. She further asserts that Defendants violated Tex. Hum. Res. Code §1

21.001 *et. seq.* by failing to provide auxiliary aid, dissemination of information regarding

accommodation, and denial of readmission. Lastly, Plaintiff requests a declaratory judgment

regarding both her federal and state claims.

---

[1] As of the filing of this pleading, Carol Binzer, PhD has not been properly served with suit.

2.      This action was filed on or about May 16, 2003, in the 166th Judicial District Court of Bexar County, Texas, in Cause No.2003-CI-07466. Plaintiff is Dana Walters. Defendants are UTHSCSA and Janis Rice, MSN, RN, CS, in Her Individual and Unofficial Capacity. Defendants are represented by the Attorney General of Texas.

## II.

3.      Plaintiff's allegations of disability discrimination raises a federal question under 29 U.S.C. § 794.

4.      Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division.

5.      Plaintiff has requested a trial by jury within her original state court petition.

## III.

6.      This removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff included federal claims in her Original Petition, filed on or about May 16, 2003. However, Defendants were not served until May 29, 2003.

7.      A true and correct copy of all pleadings served upon the Defendants in the state court action is being filed with this notice (as well as a copy of the state court docket sheet) as required by 28 U.S.C. § 1446(a).

## IV.

**ACCORDINGLY**, Defendants UTHSCSA and Janis Rice, MSN, RN, CS, in Her Individual and Unofficial Capacity request this action be removed to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Acting Chief, General Litigation Division

_____

**HAO LE**
Texas Bar No. 00796937
Attorney in Charge
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas   78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Telecopier)

ATTORNEYS FOR DEFENDANTS

**<u>Certificate of Service</u>**

I certify that a true and correct copy of the foregoing document has been sent via Certified First Class U.S. Mail, return receipt requested, on this 23<u>rd</u> day of June, 2003 to:

Katherine T. Ramos
P.O. Box 745
Von Ormy, Texas 78073-0745

*Attorney for Plaintiff*

_____
**HAO LE**
Assistant Attorney General



2003CI07466

CAUSE NO. _____

FILED
DISTRICT CLERK
BEXAR CO, TEXAS

03 MAY 16 PM 4:04

DEPUTY

BY_____

| | |
|---|---|
| **DANA WALTERS,** | § |
| **PLAINTIFF** | § |
| **VS.** | § |
| | § |
| **UNIVERSITY OF TEXAS HEALTH** | § |
| **SCIENCE CENTER AT SAN ANTONIO** | § |
| **SCHOOL OF NURSING; CAROL** | § |
| **BINZER, PhD, IN HER INDIVIDUAL** | § |
| **AND UNOFFICIAL CAPACITY; AND** | § |
| **JANIS RICE, MSN, RN, CS, IN HER** | § |
| **INDIVIDUAL AND UNOFFICIAL** | § |
| **CAPACITY,** | § |
| | § |
| **DEFENDANTS** | § |

**IN THE DISTRICT COURT**

**166th** JUDICIAL DISTRICT

**BEXAR COUNTY, TEXAS**

## PLAINTIFF'S ORIGINAL PETITION

DANA WALTERS, the Plaintiff, complains of the UNIVERSITY OF TEXAS HEALTH

SCIENCE CENTER AT SAN ANTONIO SCHOOL OF NURSING and MS. CAROL BINZER,

PhD, and Ms. JANIS RICE, the Defendants, and for cause of action shows:

### 1. Discovery Level

Plaintiff intends that discovery be conducted under Level 2 in accordance with a discovery

control plan under Civil Procedure Rule 190.3 and affirmatively pleads that it seeks monetary

relief aggregating more than $50,000.00.

### 2. Parties and Service of Citation

The Plaintiff, DANA WALTERS, is a resident of San Antonio, Bexar County, Texas.

Plaintiff meets the definition of "a person with a disability," as defined by Tex. Hum. Res. Code

Ann. §121.002(4) (Vernon 2002), and has a "disability," within the meaning of Article 9102,

Tex. Rev. Civ. Stat. Art. 9102 §4(1). Further, Plaintiff meets the definition of "otherwise qualified individuals with a disability," within the meaning of Section 504, 29 U.S.C. §705.

The Defendant UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO SCHOOL OF NURSING (hereinafter "UTHSCSA"), is an entity located and doing business within of Bexar County, Texas, where service of process may be had on its registered agent for service of process, Francisco G. Cigarroa, Office of the President at 7703 Floyd Curl Drive, San Antonio, Bexar County, Texas, 78229. Defendant UTHSCSA is an educational facility as defined within Tex. Hum. Res. Code Ann. §121.002(5) (Vernon 2002) and Defendant's operations are within the meaning of Section 504, 29 U.S.C. §794. Defendant is prohibited, under state and federal law, from discrimination on the basis of physical or mental disability. 29 U.S.C. §794 (2002). Defendant is required to provide aids that "effectively meet the needs of a student with a disability." *Id.*

The Defendant, CAROL BINZER, is a resident of Bexar County Texas, where service of process may be had on her at her place of business at University of Texas Health Science Center at San Antonio School of Nursing, Office of the Associate Dean for Students, 7703 Floyd Curl Drive, San Antonio, Bexar County, Texas 78229.

Defendant, JANIS RICE, is a resident of Bexar County Texas, where service of process may be had on her at her place of business at University of Texas Health Science Center School of Nursing, 7703 Floyd Curl Drive, San Antonio, Bexar County, Texas 78229.

### 3. Venue

Venue is proper in this county under the general venue rule because all or a substantial part of the events or omissions occurred in this county. Defendant, UTHSCSA maintains its principal

offices in this county. Defendants Carol Binzer and Janis Rice are natural persons and reside in this county.

## 4. Facts

Plaintiff was enrolled in the nursing program at UTHSCSA and had requested certain reasonable accommodations by the school for her disabilities of carpal tunnel syndrome and Attention Deficit Disorder (hereinafter "ADD"). Those accommodations included lecture notes, instructor's notes, tutoring, up to double time for examinations and a quiet exam room. Plaintiff discussed these accommodations with Defendant UTHSCSA staff prior to her enrollment in the nursing program. To the best of Plaintiff's knowledge, Defendant UTHSCSA is a *recipient of federal funds*, which are used in part, for the conduct of the affairs of a public institution of higher learning. As such, UTHSCSA represents the benefit of a program or activity receiving Federal financial assistance, within the meaning of Section 504. 29 U.S.C. §794(a).

In the Spring semester of 2001, Plaintiff was a student enrolled in course NURS 4704, Nursing the Client with Major Health Problems. The course required that the student collect comprehensive data, demonstrate safe nursing care and competence in psychomotor skills. During the course of the semester, Plaintiff became aware that information regarding her disabilities had been circulated among the faculty and discussed freely among the nursing community. She later learned that Defendant Binzer, acting in her official capacity, had circulated a list of all students with disabilities who required accommodations to the faculty in violation of Plaintiff's and other students' right to privacy.

During the same semester, her instructor for NURS 4704, Defendant, Janis Rice, confronted her regarding her performance in the class. The instructor went on to confront Plaintiff during the semester regarding the medical treatment for her ADD condition. Defendant Rice went so

far as to recommend changes to Plaintiff's treatment regime, contrary to that prescribed by Plaintiff's own attending physician and confronted her regarding this matter in front of witnesses. This conduct was outside the scope of her employment as an instructor for UTHSCSA.

By mid-semester, Plaintiff was informed by Defendant Rice that her performance was not satisfactory for a passing grade. During the time period before the mid-term evaluation, Plaintiff had not received any assistance from Defendant UTHSCSA with regard to the requested accommodations, specifically tutoring sessions. When she inquired as to availability of tutoring she was told that there were no tutors available and that that information would be posted on a bulletin board when it became available. Eventually the information for a tutor was posted, however that person was a graduate student who was not available. Defendant UTHSCSA, admits that is does not actively solicit tutors for students.

At the end of the semester Plaintiff received a failing grade and was dismissed from the UTHSCSA program according to university policy. Plaintiff filed an appeal from the decision with the Academic Review Board in May of 2001 requesting an investigation into the conduct of the defendants named above and requesting that the failing grade assigned for the course NURS 4704 be removed from her transcript.

Plaintiff continued with the review and appeal process until a final decision concluding the university appeal process was handed down on September 16, 2002. In that decision, UTHSCSA concluded that Plaintiff's claims of discrimination based up on disability and claims of a lack of accommodation were denied and that distribution of the list of students requiring accommodations was not a factor in the grade received. However, the same decision also cites a change in policy with regard to distribution of student information. Plaintiff applied for

readmission to UTHSCA after being dismissal because of the failing grade and was denied readmission, despite the fact that she had successfully completed all previous coursework with passing scores and maintaining a grade point average of 3.47 out of a possible 4.0.

As a result of Defendants' violations of Plaintiff's rights and the stress involved in the adversarial conduct of Defendants Binzer and Rice, Plaintiff suffered worsening of her disabilities as listed. Plaintiff has had to seek additional treatment for other health conditions which were exacerbated by the manner in which her requests for accommodations and her appeals from Defendant UTHSCSA's decisions.

### 5. Count 1 – Violations of Tex. Hum. Res. Code §121.001

It is the policy of the State of Texas to "enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities within the state." Tex. Hum. Res. Code §121.001. According to §121, discrimination occurs when there is "a failure to: (1) comply with Article 9102, Revised Civil Statutes; (2) make reasonable accommodations in policies, practices, and procedures; or (3) provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." Tex. Hum. Res. Code §121.003(d).

Defendants' failure to provide effective auxiliary aid in the form agreed upon by the parties, dissemination of information regarding Plaintiff's disabilities and denial of readmission after failing to provide the requested accommodations violates rights secured to Plaintiff secured under the laws of the State of Texas as referenced above.

### 6. Count 2 – Violation of Section 504, 29 U.S.C. §794

Section 504 provides that, "No otherwise qualified individual with a disability in the united

States, as defined in section 705 of this title, shall solely by reason of her or his disability be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance." 29 U.S.C. §794.

## 7. Injury

Plaintiff's injury was a natural, probable, foreseeable consequence of Defendants' failure to

provide reasonable accommodations as required and requested and denial of readmission.

Defendants could reasonably foresee that Plaintiff would be prevented from completing a course

of study, which would allow her to become gainfully employed and achieve maximum personal

independence.

## 8. Injunction

Plaintiff will continue to experience unlawful discrimination as a result of Defendants'

willful violations of, and/or failure to comply with the aforementioned state laws and Section

504. As such, injunctive relief is necessary to order Defendants to immediately remove the

grade entered on Plaintiff's academic transcript.

Plaintiff will continue to suffer irreparable harm if injunctive relief is not granted, andt here

is no adequate remedy at law. It is obvious that no amount of money can compensate a citizen

for loss of her right of reasonable accommodation to the policies and procedures of an institution

of higher learning or other public facility. As such, the ongoing harm to the Plaintiff is not fully

compensable in monetary damages.

## 9. Damages

Defendants' violation of state and federal laws caused the following damages:

    a.  Loss of tuition for Spring semester 2001;

b. Relocation and tuition expenses for move to Canyon, Texas to enter West Texas A & M University Nursing program;

c. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

d. Although, the harm to Plaintiff is not fully compensable in monetary damages, Plaintiff is entitled by statute to money damages for violation of her civil liberties, pursuant to Tex. Hum. Res. Code Ann. §121.004(b).

## 10. Declaratory Judgment

Plaintiff is entitled to a declaratory judgment specifying Defendants violations of the aforementioned State laws, Section 504, and further specifying Plaintiff's right of reasonable accommodations.

## 11. Conditions Precedent

All conditions precedent have been performed or have occurred.

## 12. Demand for jury

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## 13. Request for Disclosure

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 192.3(b), and Rule 194.2(a), (b), (c), and (e).

## 14. Prayer

For these reasons, Plaintiff prays that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for the following:

a. Issuance of a permanent injunction against Defendants, including its agents, servants and employees, and all persons in active concert with them, directing that the failing grade entered in Plaintiff's academic transcript be removed and forever enjoining Defendants from further discrimination against Plaintiff in violation of state and federal law.

b. Enter a declaratory judgment specifying Defendants' violations of the aforementioned state and federal law, and declaring the rights of Plaintiff to reasonable accommodations.

c. Order Defendants to pay damages to Plaintiff in an amount to be determined by the Court, after due consideration of all of the evidence in this cause, but in no event less than the statutory minimum specified in Tex. Hum. Res. Code Ann. §121.004 (Vernon 2002).

d. Order Defendants to pay Plaintiff's attorney's fees and all costs of this action, as provided in Section 504.

e. Grant all other relief in law and in equity to which plaintiff may be entitled.

Respectfully submitted,

KATHERINE T. RAMOS
ATTORNEY FOR PLAINTIFF
State Bar No. 24033103
P.O. Box 745.
Von Ormy, TX 78073-0745
Telephone: 210-622-0995
Telecopier: 210-622-0996

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Original Petition in the above referenced cause of action has been served on Defendants in accordance with the Texas Rules of Civil Procedure on _____, 2003.

KATHERINE T. RAMOS
ATTORNEY FOR PLAINTIFF

PRIVATE PROCESS

"The State of Texas"     NO.   2003-CI-07466

DANA WALTERS
Plaintiff
vs.

UNIVERSITY OF TEXAS HEALTH SCIENCE CEN
Defendant
( Note  Attached Document May Contain Additional Litigants. )

**NOTICE**

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation Directed to:** UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO
SCHOOL OF NURSING

BY SERVING ITS REGISTERED AGENT,  FRANCISCO G CIGORROA

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  16th  day of  May         ,  2003  .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  19th  DAY OF  May
A.D., 2003 .

PLAINTIFF'S ORIGINAL PETITION

KATHERINE T RAMOS
Attorney/PLAINTIFF
address  P O BOX 745
      VON ORMY, TX 78073

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By _____ Deputy
VERONICA OCHOA

---

OFFICER'S RETURN

Came to hand  29  day of _____, A.D. 2003 , at  8:30  o'clock  A .M.
and executed (not executed) the _____ day of _____, A.D. _____, in _____
at  8:30  o'clock  A .M. by delivering to  Joe Terrazas
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at  Director of Risk Management Kathy Geoghegan
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____    Mileage _____ Total $ _____
      Badge/PPS #_____

_____ County, Texas
By _____

The State of Texas

**NON - PEACE OFFICER VERIFICATION**
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS

ORIGINAL

PRIVATE PROCESS

"The State of Texas"                    NO.  2003-CI-07466

DANA WALTERS                                    IN THE DISTRICT COURT
Plaintiff
vs.                                             166th JUDICIAL DISTRICT
UNIVERSITY OF TEXAS HEALTH SCIENCE CEN
Defendant                                       BEXAR COUNTY, TEXAS
( Note: Attached Document May Contain Additional Litigants. )
                                        NOTICE

Citation Directed to:  JANIS RICE

"You have been sued. You may employ an attorney. If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you." Said petition
was filed on the 16th day of May , 2003 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19th DAY OF May
A.D., 2003 .

PLAINTIFF'S ORIGINAL PETITION

                                        MARGARET G. MONTEMAYOR
                                        District Clerk of Bexar County, Texas
                                        Bexar County Courthouse
KATHERINE T RAMOS                       San Antonio, Texas 78205
Attorney/PLAINTIFF
address  P O BOX 745
        VON ORMY, TX 78073             By: _____ Deputy
                                           VERONICA OCHOA

_____

                            OFFICER'S RETURN

Came to hand  30  day of  may , A.D. 2003 , at  12:30  o'clock  pm .M.
and executed (not executed) the  30 day of  may , A.D. 200 , in _____
at  12:30  o'clock  p .M. by delivering to  Janis Rice _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at  RMC  Hospital _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
        Badge/PPS # _____         _____
                                                                County, Texas
                                      By _____

The State of Texas
                            NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

                            NOTARY PUBLIC, STATE OF TEXAS

                                                        ORIGINAL
                                                        (DK002)

CAUSE NO. 2003-CI-07466

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

| | | |
|---|---|---|
| DANA WALTERS | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | 2003 JUN 19 A 9:53 |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | DEPUTY |
| SCIENCE CENTER AT SAN ANTONIO | § | 166TH JUDICIAL DISTRICT |
| SCHOOL OF NURSING; CAROL BINZER, | § | BY_____ |
| PhD, IN HER INDIVIDUAL AND | § | |
| UNOFFICIAL CAPACITY; AND JANIS | § | |
| RICE, MSN, RN, CS, IN HER | § | |
| INDIVIDUAL AND UNOFFICIAL | § | |
| CAPACITY | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## NOTICE OF FILING OF REMOVAL

TO:  **MARGARET G. MONTEMAYOR, District Clerk**, Bexar County Courthouse, 100 Dolorosa, San Antonio, Texas 78205.

1.    Pursuant to 28 U.S.C. § 1446(d), you are hereby given notice that on June 24, 2003, Defendants University of Texas Health Science Center at San Antonio School of Nursing and Janis Rice, MSN, RN, CS, In Her Individual and Unofficial Capacity will file their Notice of Removal in the United States District Court for the Western District of Texas, San Antonio Division, thereby removing this cause to the United States District Court.[1] A copy of that Notice is attached hereto and incorporated herein for all purposes. A file stamped-copy will be forwarded upon receipt.

2.    This Court is respectfully requested to proceed no further in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

---

[1]    As of the filing of this pleading, Carol Binzer, PhD has not been properly served with suit.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Acting Chief, General Litigation Division


_____
HAO LE
Texas Bar No. 00796937
Attorney in Charge
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas   78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Telecopier)

ATTORNEYS FOR DEFENDANTS


## Certificate of Service

I certify that a true and correct copy of the foregoing document  has been sent via Certified First Class U.S. Mail, return receipt requested, on this 18th day of June, 2003 to:

Katherine T. Ramos
P.O. Box 745
Von Ormy, Texas 78073-0745

*Attorney for Plaintiff*


_____
HAO LE
Assistant Attorney General


-2-