IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 21 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

DANA WALTERS, )
)
    Plaintiff, )
)
vs. )   CIVIL ACTION NO. SA-03-CA-528-FB
)
UNIVERSITY OF TEXAS HEALTH )
SCIENCE CENTER AT SAN ANTONIO )
SCHOOL OF NURSING; CAROL BINZER, )
PhD, in her Individual and Unofficial )
Capacity; and JANIS RICE, MSN, RN, CS, )
in her Individual and Unofficial Capacity, )
)
    Defendants. )

## ORDER OF DISMISSAL

The Court previously considered Defendants' Motion to Dismiss or in the Alternative Motion for Rule 7 Reply (docket no. 4). In the absence of a response by plaintiff, this Court granted relief in the alternative to allow plaintiff the opportunity to take additional time to file a reply to defendants' motion to dismiss. In relevant part, the Order Regarding Pending Motions states:

> After careful consideration of the motion to dismiss or alternative motion for rule 7 reply, the pleadings on file and the entire record in this matter, the Court is inclined to find that the motion to dismiss has merit. Nonetheless, the Court will grant relief in the alternative to allow plaintiff the opportunity to file a reply . . . .
>
> IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or in the Alternative Motion for Rule 7 Reply (docket no. 4) is GRANTED in the alternative such that plaintiff shall file a reply, if any, **August 14, 2003**, to defendants' motion to dismiss.

(Docket no. 6) (Emphasis in original). The August 14, 2003, deadline has passed and plaintiff has filed no reply in opposition to the dismissal of her case against defendants.

7.

Rule CV-7 of the Local Rules for the Western District of Texas provides: "If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.." W. DIST. LOC. R. CV-7. The Fifth Circuit has held, however, that noncompliance with a local rule requiring that a response be filed within a certain period of time is not a sufficient basis for granting a motion to dismiss with prejudice. Ramsey v. Signal Delivery Serv., Inc., 631 F.2d 1210, 1214 (5th Cir. 1980); see also Woodham v. American Cystoscope Co., 335 F.2d 551, 553 (5th Cir. 1964) (district court may not automatically grant motion to dismiss without regard to its merits solely on ground that no response has been filed). As an order of dismissal cannot be supported solely on the ground that plaintiff failed to respond to defendants' motion to dismiss, the Court will consider the substance of the motion.

Defendants removed from state court this disability-based lawsuit alleging violations of the Rehabilitation Act, 29 U.S.C. § 794, and section 121.003 of the Texas Human Resources Code, TEX. HUM. RES. CODE ANN. § 121.003 (Vernon 2002). Plaintiff was a nursing student at the University of Texas Health Science Center at San Antonio ("UTHSCSA") from Spring of 1999 to Spring of 2001, when she was dismissed for failing to pass a required clinical course. In her state court petition, plaintiff alleges she is disabled by carpal tunnel syndrome and attention deficit disorder. She alleges defendants failed to provide effective auxiliary aid, disseminated information regarding her disabilities, excluded plaintiff from participation, denied plaintiff benefits, discriminated against her and denied her readmission in violation of federal and state law. The accommodations sought were in the nature of lecture notes, instructor's notes, tutoring, up to double time for examinations and a quiet exam room.

Defendants[1] move for dismissal of this action for lack of subject matter jurisdiction pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(1), (6). Motions filed under rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Id. R. 12(b)(1). The burden of proof for a rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. Id. (citing Home Builders Ass'n, v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)). Motions filed under rule 12(b)(6) allow a party to challenge the complaint for its failure to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making this determination, the plaintiff's complaint shall be construed in the light most favorable to the plaintiff and the allegations contained therein must be taken as true. Ramming, 281 F.3d at 161 (citing Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996).

---

[1] In their motion, defendants maintain: "As of the filing of this pleading, Carol Binzer, PhD, has not been properly served with suit." Without a response from plaintiff, and in the absence of documentation in the file which indicates otherwise, the Court accepts defendants' representation that Dr. Binzer has not been properly served. Alternatively, it appears that defendants' arguments for dismissal of plaintiff's claims against defendant Rice apply to Dr. Binzer.

Defendants move for dismissal for lack of subject matter jurisdiction pursuant to rule 12(b)(1) because: (1) Congress has not abrogated the State's Eleventh Amendment Immunity to claims under the Rehabilitation Act or section 121.003 of the Texas Human Resources Code; (2) Texas has not waived its immunity to suit by removal of plaintiff's section 121.003 claim; and (3) UTHSCSA has not contented to suit. Defendants move for dismissal of plaintiff's action for failure to state a claim pursuant to rule 12(b)(6) because: (1) defendant Rice is not a "person" under the Rehabilitation Act; and (2) section 121.003 does not apply to course studies. The Court has reviewed the motion to dismiss and supporting analysis under the applicable standards of review, and has conducted a de novo review of the pleadings on file and the entire record in this case. The Court finds the arguments and authorities contained in support of the motion to dismiss to be persuasive and incorporates them by reference herein. Therefore, the motion to dismiss shall be granted.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (contained within docket no. 4) is GRANTED such that the above-styled and numbered cause is DISMISSED. Motions pending with the Court, if any, are dismissed as moot.

It is so ORDERED.

SIGNED this 21 day of August, 2003.

FRED BIERY
UNITED STATES DISTRICT JUDGE